UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTT MAGEE, individually and on behalf of all others similarly situated, | * * * | CIVIL ACTION NO. |
| Plaintiff, | * | JUDGE |
| versus | * * | |
| WINN-DIXIE STORES, INC., | * * | MAG. JUDGE |
| Defendant. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CLASS ACTION COMPLAINT

Plaintiff Scott Magee ("Plaintiff" or "Plaintiff Magee") alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief and the investigation by Plaintiff's counsel, which included, among other things, a review of public documents, marketing materials, and announcements made by Winn-Dixie Stores, Inc. ("Winn-Dixie" or "Defendant"). Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This class action seeks to put an end to systemic civil rights violations committed by Defendant against blind persons in the United States.  Defendant is denying blind individuals equal access to the goods and services that it provides at Purified Water Refill Stations ("Refill Stations") located at Winn-Dixie stores throughout the country. These Refill Stations are leased and installed by non-party Glacier Water Services, Inc. and operated by Winn-Dixie.

2.      Defendant's Refill Stations are self-service machines that dispense filtered water ("Glacier Water") into one or five-gallon containers provided by the user. Because consumers

provide their own containers, Refill Stations offer filtered water at prices that are significantly lower than any other water products sold by Winn-Dixie. Refill Stations also offer consumers an environmentally-conscious means of buying water, because they permit consumers to reuse their non-biodegradable plastic water containers.

3.     To use a Refill Station, a customer must place an empty water bottle in the machine and insert payment.[1]  After paying money, the customer selects the amount of water he or she wants to purchase by pressing buttons on the machine.[2]  The price of the Glacier Water is marked on the buttons, and directions for operating the machine are written below.  The Refill Station provides no non-visual communication of how to operate the machine, which products it offers, or how much those products cost.

4.     The Refill Stations lack any meaningful accommodation for the blind. While Defendant's sighted customers can independently refill bottles at Refill Stations without the assistance of others, blind people must rely on sighted companions or strangers to assist them in selecting and purchasing Defendant's services. In the absence of a companion, the blind are unable to use the Refill Stations.

5.     By failing to make its Refill Stations accessible to blind persons, Defendant is violating basic equal access requirements under federal law. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by self-service retail machines and other public accommodations that are inaccessible to blind and visually impaired persons.

---

[1] http://glacierwater.com/find-glacier/ (last accessed August 17, 2017).
[2] *Id.*

## JURISDICTION

6.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188 for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

## VENUE

7.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a).

8.      Defendant operates hundreds of Refill Stations in Louisiana, including several dozen in the Eastern District of Louisiana.  Defendant is registered to do business in Louisiana and has been doing business in Louisiana, including the Eastern District of Louisiana.  Defendant is subject to personal jurisdiction in this District.  Defendant has been and is committing the acts alleged herein in the Eastern District of Louisiana.  A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Eastern District of Louisiana.

9.      Members of the class reside throughout the United States, including Louisiana and the Eastern District of Louisiana.  Plaintiff Magee is a Louisiana citizen and resides in the Eastern District of Louisiana.   Plaintiff experienced injury in this District as a result of Defendants' inaccessible machine that was located in Metairie at a Winn-Dixie store.

## PARTIES

10.     Plaintiff Scott Magee is a citizen of Louisiana and resident of Metairie, Louisiana. Plaintiff Magee's eyesight has been compromised by a condition known as macular degeneration.  This condition renders him legally blind and as such he is a member of a protected class under the Americans with Disabilities Act.  Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal

definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

11.    Defendant Winn-Dixie is a Jacksonville-based, for-profit corporation organized under the laws of the state of Florida and domiciled in the State of Florida.  Winn-Dixie hosts and maintains Refill Stations at Winn-Dixie locations.   These machines are hooked up to a municipal water source provided by Winn-Dixie. Winn-Dixie shares in the profits generated by the Refill Stations. Plaintiff seeks full and equal access to the accommodations, advantages, facilities, privileges, and services provided by Defendant Winn-Dixie at the Refill Stations located at its stores throughout the United States.

## FACTUAL ALLEGATIONS

12.    Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

13.    Winn-Dixie leases and operates the Refill Stations in Winn-Dixie stores and Winn-Dixie provides the connection to the municipal water source that Refill Stations draw their water from.

14.    Refill Stations offer filtered water at prices significantly less expensive than comparable water products offered at Winn-Dixie stores.

15.    Refill Stations offer consumers the choice of obtaining filtered water in an environmentally-friendly way, because only the water is being purchased. Since Refill Station users provide their own containers to carry away the water, they avoid purchasing more non-biodegradable plastic each time they purchase water.

16.    Not only are Refill Stations significantly cheaper and environmentally-friendly sources of filtered water, they are also more convenient than Winn-Dixie's other water products.

Refill Stations are located outside of Winn-Dixie stores, and Refill Stations themselves accept cash payment. As such, Refill Station patrons do not need to enter Winn-Dixie stores in order to access and retrieve water from Defendants' Refill Stations.

17.     Refill Stations are accessible at Winn-Dixie stores 24 hours a day. This includes time periods when the interior of Winn-Dixie's stores are closed and there are no Winn-Dixie personnel located on the premises.

18.     While Winn-Dixie store interiors are closed, Winn-Dixie nevertheless encourages patrons to enter on their premises and purchase a limited selection of goods and services. For example, Winn-Dixie stores provide DVD rental services and vending machine services outside of their stores. These services are available 24 hours a day and Winn-Dixie hopes and expects that patrons will visit their stores "after hours" to access these goods and services.

19.     Defendants' Refill Stations are inaccessible to the blind.

20.     The blind are unable to use Refill Stations because Refill Stations do not provide any non-visual interface.

21.     Defendant's Refill Stations utilize multiple buttons to advertise the price of their water and also to select the quantity of water a customer would like to purchase.

22.     There is no non-visual means of ascertaining the price or quantity water available at a Refill Station.

23.     There is no non-visual interface that would allow a blind person to knowingly select and purchase Defendant's goods and services offered at the Refill Stations.

24.     Defendant's Refill Stations utilize written text and photographs to demonstrate and explain their use.

25.    There is no non-visual explanation of how to use Refill Stations located on or near the Refill Stations.

26.    Defendant's Refill Stations have no braille stickers or braille markings. Defendant's Refill Stations provide an exclusively visual interface.  As a result, all of the services and features provided at Defendant's Refill Stations are only available to sighted customers.

27.    Sighted customers who use Defendant's Refill Stations are able to browse, select, and purchase cheap, environmentally-friendly, filtered water quickly and independently, without the assistance of third parties.

28.    By contrast, blind customers must seek the assistance of companions, strangers, or third parties in order to use Defendant's Refill Stations at all. Additionally, blind individuals are unable to independently determine the costs and types of services available at Defendant's Refill Stations without the assistance of others.

29.    Removing the barriers that blind people face at Refill Stations is highly feasible and it would not alter, subvert, or change the essence and/or function of the Defendant's Refill Stations.

30.    Refill Stations could easily be retrofitted with braille stickers and/or braille lettering on the instrumentation required to use the machine. Refill Stations could also use other non-visual technologies. These types of solutions would render Defendant's Refill Stations accessible to blind customers and they are examples of simple accommodations already in use by other sales establishments throughout the country.

31.     Defendant is aware of the means by which its Refill Stations can be made accessible to blind individuals. Nevertheless, Defendant refuses to make its Refill Stations accessible.

**Mr. Magee's Experience**

32.     Plaintiff Magee encountered Defendant's Refill Stations at a Winn-Dixie Store located at 211 Veterans Memorial Blvd in Metairie, Louisiana during the late evening of August 17, 2017 and/or the early morning of August 18, 2017.

33.     This particular Winn-Dixie store is located near Magee's home. Magee visited the Winn-Dixie multiple times prior to August 2017 and he reasonably expects to visit there again in the future.

34.     At the time of Magee's August 2017 visit, the Winn-Dixie interior was closed and there were no Winn-Dixie employees on site to provide assistance in operating the Refill Station.

35.     The Refill Station offered by Winn-Dixie is located outside the store. Magee approached the Refill Station and quickly determined that he was unable to use it because it did not offer a non-visual means of operation.

36.     At the time of his August 2017 visit, Defendant's Refill Station did not utilize any braille markings or other non-visual means for Magee to interact with the machine.

37.     Magee's August 2017 interaction with the Defendant's Refill Station was not his only experience with the Refill Machine. Magee has had other experiences wherein he has attempted to access Defendant's Refill Machine—with no success—because the Refill Machine offers no non-visual interface.

## <u>CLASS ACTION ALLEGATIONS</u>

38.     Plaintiff seeks certification of the following Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and, alternatively, 23(b)(3):

> **"All legally blind individuals who have been and/or are being denied access to Glacier Water Refill Stations located at any of the locations owned and/or operated by Winn-Dixie Stores Incorporated in the United States."**

39.     The persons in the Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

40.     This case arises out of Defendant's common policy and practice of denying blind persons access to the goods and services of its Refill Stations.  Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to Defendant's Refill Stations and the goods and services they offer.

41.     There are common questions of law and fact involved affecting the parties to be represented in that they all are legally blind and have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of the accommodations, advantages, facilities, privileges, and services provided at Defendant's Refill Stations due to the lack of accessible features at such facilities, as required by law for persons with disabilities.

42.     The claims of the named Plaintiff are typical of those of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained and is represented by counsel competent and experienced in complex and collective action litigation.

43.    Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

44.    References to Plaintiff in this complaint include the named Plaintiff and each member of the Class, unless otherwise indicated.

## <u>FIRST CAUSE OF ACTION</u>

**(Violation of 42 U.S.C. §§ 12181, *et seq.* - Title III of the Americans with Disabilities Act) (on behalf of Plaintiff and the Class)**

45.    Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

46.    Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.,* (hereinafter "ADA") provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

47.    Defendant's Refill Stations are establishments serving drink and therefore places of public accommodation within the definition of Title III of the ADA.   42 U.S.C. §§12181(7)(B).

48.    Defendant's Refill Stations are sales establishments and therefore places of public accommodation within the definition of Title III of the ADA.  42 U.S.C. §§12181(7)(E).

49.    Defendant's stores where the Refill Stations are located are sales establishments and therefore places of public accommodation within the definition of Title III of the ADA.  42 U.S.C. §§12181(7)(E).

50.     Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

51.     Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

52.     Under Section 12182(b)(2) of Title III of the ADA, unlawful discrimination also includes:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden…

53.     The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. Patrons of Defendant's Refill Stations who are blind (including the Plaintiff and the Plaintiff Class) have been denied full and equal access to those public accommodations; and they have not been provided services that are provided to other patrons who are not disabled and/or they have been provided services that are inferior to the services provided to non-disabled patrons.  Defendant has failed to take any steps to remedy

its discriminatory conduct.  These violations are ongoing.  Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

54.    The actions of Defendant were and are in violation of the Americans with Disabilities Act 42 U.S.C. §§ 12181, *et seq.,* and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination, and also attorneys' fees and costs for bringing this lawsuit.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)
### (on behalf of Plaintiff and the Class)

55.    Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

56.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends—and Defendant denies—that Defendant, by providing inaccessible Refill Stations throughout the United States, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*

57.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**WHEREFORE**, Pursuant to 42 U.S.C. §§ 12181, *et seq.* and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

1.  A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*;

11

2. A permanent injunction requiring Defendant to take the necessary steps to make Refill Stations that are provided throughout the United States readily accessible and usable by blind and visually impaired individuals;

3. A declaration that Defendant leases and/or operates its Refill Stations in a manner which discriminates against the blind and visually impaired and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*

4. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2), appointing Plaintiff as Class Representative and his attorneys as Class Counsel;

5. Plaintiff's reasonable attorneys' fees, expenses, and costs as provided by law;

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiff*