UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT MAGEE, on behalf of himself            CIVIL ACTION
and all others similarly situated

VERSUS                                        NO. 17-8063

WINN-DIXIE STORES, INC.                       SECTION "R" (4)

## ORDER AND REASONS

Before the Court is Defendant Winn-Dixie Stores, Inc.'s motion to dismiss.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This putative class action arises out of a dispute over the accessibility of Glacier Water Refill Stations at Winn-Dixie stores.[2] The water refill stations are self-service machines that dispense filtered water into containers provided by the customer.[3] These water refill machines are located outside Winn-Dixie stores and are allegedly accessible 24 hours a day.[4] Plaintiff

---

[1] R. Doc. 6.
[2] R. Doc. 1.
[3] *Id.* at 1 ¶ 2.
[4] *Id.* at 5 ¶ 17.

Scott Magee is legally blind.[5] According to the complaint, plaintiff attempted to use a water refill station at the Winn-Dixie store located at 211 Veterans Memorial Boulevard in Metairie, Louisiana, in the late evening of August 17, 2017, or the early morning of August 18, 2017.[6] Plaintiff alleges that he was unable to use the water refill station during this visit because the station "did not utilize any braille markings or other non-visual means for [plaintiff] to interact with the machine."[7] Plaintiff further asserts that the Winn-Dixie store on Veterans Memorial Boulevard is located near his home, he has previously attempted to access the water refill station at this store without success, and he reasonably expects to visit the store again in the future.[8]

On August 21, 2017, plaintiff filed a class action complaint asserting violations of the Americans with Disabilities Act (ADA), and requesting injunctive and declaratory relief against defendant, as well as attorneys' fees, expenses, and costs.[9] Plaintiff alleges that defendant's water refill stations are not accessible to blind customers because they "have no braille stickers or braille markings."[10] The complaint further asserts that the machines

---

[5] *Id.* at 3 ¶ 10.
[6] *Id.* at 7 ¶ 32.
[7] *Id.* at 7 ¶¶ 35-36.
[8] *Id.* at 7 ¶¶ 33, 37.
[9] *Id.* at 9-12.
[10] *Id.* at 6 ¶ 26.

"could easily be retrofitted with braille stickers and/or braille lettering" to render the refill stations accessible to blind customers.[11] Plaintiff proposes to represent a class of all legally blind individuals who have been or are being denied access to Glacier Water Refill Stations at any Winn-Dixie location in the United States.[12] Defendant contends that plaintiff lacks standing to bring suit, and moves to dismiss for lack of subject matter jurisdiction.[13]

## II. LEGAL STANDARD

A plaintiff must satisfy the standing requirements of Article III of the U.S. Constitution to establish the existence of an "actual case or controversy" subject to federal jurisdiction. *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974). A motion to dismiss for lack of standing therefore challenges the court's subject matter jurisdiction, and is governed by Federal Rule of Civil Procedure 12(b)(1). A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the

---

[11] *Id.* at 6 ¶ 30.
[12] *Id.* at 8 ¶ 38. This is plaintiff's second lawsuit seeking to represent this proposed class. See *Magee v. Glacier Water Services, Inc.*, No. 16-4364, 2017 WL 396287, at *2 (E.D. La. 2017). The Court dismissed plaintiff's previous class action complaint for lack of standing because video evidence contradicted plaintiff's assertion that he attempted to use the water refill station at defendant's store. *Id.* at *4-5.
[13] R. Doc. 6-1.

3

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (internal quotation marks and citation omitted).

When its subject matter jurisdiction is challenged, the Court first considers whether the defendant has made a "facial" or a "factual" attack upon the complaint. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A motion to dismiss for lack of standing is "'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Paterson*, 644 F.2d at 523). In the case of a facial attack, the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson*, 644 F.2d at 523. When a defendant makes a factual attack on the complaint, the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*

## III. DISCUSSION

As the party invoking federal jurisdiction, plaintiff bears the burden of establishing each element of standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Standing requires that (1) the plaintiff suffered an injury-in-fact; (2) the injury is "fairly traceable" to the challenged conduct of the defendant; and (3) it must be likely that the plaintiff's injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury-in-fact must be "both concrete *and* particularized." *Spokeo*, 136 S. Ct. at 1545 (internal quotation marks and citation omitted).

Defendant argues that plaintiff lacks standing because he has not suffered an injury-in-fact.[14] The complaint alleges that plaintiff was unable to use the water refill station at defendant's store in August 2017 because the machine "did not offer a non-visual means of operation," and "did not utilize any braille markings or other non-visual means for Magee to interact with the machine."[15] Defendant makes a factual attack on these allegations, and contends that the water refill station was outfitted with braille stickers at the time of plaintiff's alleged visit on August 17 or 18.[16]

---

[14] R. Doc. 6-1 at 10-11.
[15] R. Doc. 1 at 7 ¶¶ 35-36.
[16] R. Doc. 6-1 at 10-11.

Defendant submits a sworn declaration from Stephen Starnes, an employee of Glacier Water.[17] Starnes states that, on February 1, 2017, he applied braille stickers to the Glacier Water machine located outside the Winn-Dixie store at 211 Veterans Boulevard.[18] Starnes further declares that these "braille stickers provided information regarding how to operate the water dispensing vending machine, the products offered by the machine, and the cost of the different product options."[19] Defendant also submits the declaration of Jane Heidingsfelder.[20] Heidingsfelder attests that she visited the Winn-Dixie location at 211 Veterans Boulevard on August 22, 2017, and took photographs of the store and the Glacier Water machine.[21] The photos attached to Heidingsfelder's declaration show multiple braille stickers on the water refill machine, although one sticker appears to be peeling off.[22] Defendant represents that, of the eleven braille stickers originally placed on the water refill station in February 2017, seven remained in their original

---

[17]  R. Doc. 6-2 at 2.
[18]  *Id.*
[19]  *Id.*
[20]  R. Doc. 6-3 at 2.
[21]  *Id.*
[22]  *Id.* at 6-11.

locations on August 22, 2017, one was repositioned, and three had fallen off.[23] This representation is consistent with the photographic evidence.[24]

Because defendant makes a factual attack on the complaint, plaintiff bears the burden to submit evidence to demonstrate that he suffered a "real and not abstract" injury. *Spokeo*, 136 S.Ct. at 1548; *see also Paterson,* 644 F.2d at 523. The sole evidence plaintiff offers is a personal declaration.[25] Plaintiff first declares that, before February 1, 2017, he "attempted but was unable to use the Glacier water machine located in front of the Veterans Location on multiple occasions due to the absence of auxiliary aids instructing [him] how to use the machine."[26] Plaintiff fails to specify the dates or times of his alleged attempts to use the water refill station before February 2017. Plaintiff does not assert that these visits occurred outside the store's normal operating hours when no staff was available to assist him with the machine. Nor does he state that he was denied assistance. Plaintiff's vague declaration that he was unable to use the water refill station before February 2017 is insufficient to satisfy his burden to demonstrate an injury because of a lack of auxiliary aids. *See Magee*, 2017 WL 396287, at *4.

---

[23] R. Doc. 6-1 at 5.
[24] R. Doc. 6-3 at 6-7.
[25] R. Doc. 16-1.
[26] *Id.* at 2 ¶ 7.

7

Plaintiff further declares that, around midnight on August 17, 2017, or August 18, 2017, he "visited the Veterans Location in an attempt to use the Glacier water machine" and "found that the machine was still inaccessible due to a lack of auxiliary aids."[27] In contrast to the complaint, plaintiff's sworn declaration does not specifically assert that the water refill station lacked any braille markings. Nor does plaintiff indicate that he is able to read braille, and that braille markings would render the machine accessible to him.

To assure itself of its jurisdiction, the Court "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Based on the declarations of Starnes and Heidingsfelder and the attached photographs, the Court finds by a preponderance of the evidence that braille stickers were attached to the water refill station at defendant's 211 Veterans Boulevard location in February 2017, and the majority of these braille stickers remained in place as of August 22, 2017. Plaintiff's general statement that the machine was inaccessible to him because of a lack of auxiliary aids is insufficient to rebut defendant's evidence that the water refill station had braille stickers at the time of his alleged August 2017 visit.

---

[27]  R. Doc. 16-1 at 2-3 ¶¶ 8-9.

Because the Court finds that some braille stickers were present on the water refill station on August 17 and 18, plaintiff cannot establish an injury-in-fact based on the complaint's allegation that the water refill station "did not utilize any braille markings or other non-visual means for Magee to interact with the machine."[28] Nor has plaintiff demonstrated that he was injured by the inadequate maintenance of the braille stickers. Defendant concedes that some of the stickers were in need of repair or replacement in August 2017.[29] But plaintiff has not alleged, much less proven, that the missing or peeling stickers rendered the machine inaccessible. Plaintiff's complaint and briefing instead maintain that he was unable to use the water refill station because the machine had *no* braille stickers.[30] In the absence of any evidence in the record, the Court will not speculate as to whether the missing braille stickers were sufficiently important to the operation of the water refill station to render it inaccessible to blind customers.

As plaintiff's sole specific claim of injury is contrary to the evidence, he has not shown that he suffered an injury-in-fact sufficient to confer

---

[28]  R. Doc. 1 at 7 ¶ 36.
[29]  R. Doc. 6-1 at 2.
[30]  R. Doc. 1 at 7 ¶ 36; R. Doc. 16 at 5. Plaintiff asserts in his brief that he "attempted and was unable to use the Glacier water machine due to a complete absence of braille instructions" both before and after February 2017. *See* R. Doc. 16 at 5.

9

constitutional standing. A statutory violation of the ADA, not connected to any concrete harm, is insufficient to satisfy the injury-in-fact requirement. *See Spokeo*, 136 S. Ct. at 1549. A plaintiff does not have standing to bring a claim under the ADA without actually encountering the alleged discrimination. *See Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 734 (5th Cir. 2006). Accordingly, the Court finds that plaintiff lacks standing.

In its reply brief, defendant requests an award of attorneys' fees and costs under 42 U.S.C. § 12205.[31] Defendant has submitted no documentation of its fees, and plaintiff has had no opportunity to respond to this request. The Court therefore denies defendant's request at this time. Defendant may re-urge its request through an appropriate motion.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED. Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this __22nd__ day of January, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[31] R. Doc. 19 at 9.