UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT MAGEE, on behalf of himself         CIVIL ACTION
and all others similarly situated

VERSUS                                    NO. 17-8063

WINN-DIXIE STORES, INC.                   SECTION "R" (4)

## ORDER AND REASONS

Before the Court is Defendant Winn-Dixie Stores, Inc.'s motion for attorneys' fees.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of a dispute over the accessibility of Glacier Water Refill Stations at Winn-Dixie stores.[2] The water refill stations are self-service machines that dispense filtered water into containers provided by the customer.[3] Plaintiff Scott Magee is legally blind.[4] On August 21, 2017, plaintiff filed a class action complaint asserting violations of the Americans with Disabilities Act (ADA).[5] The complaint alleged that plaintiff attempted

---

1   R. Doc. 22.
2   R. Doc. 1.
3   *Id.* at 1 ¶ 2.
4   *Id.* at 3 ¶ 10.
5   *Id.* at 9-12.

to use a water refill station at the Winn-Dixie store located at 211 Veterans Memorial Boulevard in Metairie, Louisiana, in the late evening of August 17, 2017, or the early morning of August 18, 2017.[6] Plaintiff alleged that he was unable to use the water refill station during this visit because the station "did not utilize any braille markings or other non-visual means for [plaintiff] to interact with the machine."[7] The complaint further alleged that plaintiff attempted to access the water refill machine at other times with no success because the machine "offers no non-visual interface."[8]

On January 22, 2018, the Court dismissed the complaint for lack of standing because plaintiff failed to show that he suffered an injury-in-fact.[9] The Court found that plaintiff's allegation that he was unable to use the water refill station because it lacked any braille markings was contradicted by evidence that the machine had at least some braille stickers at the time of his alleged August 2017 visit.[10] Plaintiff failed to offer sufficiently concrete information regarding his other alleged visits to the water refill station.[11] Defendant now moves for an award of attorneys' fees.[12]

---

[6] *Id.* at 7 ¶ 32.
[7] *Id.* at ¶¶ 35-36.
[8] *Id.* at ¶ 36.
[9] R. Doc. 20.
[10] *Id.* at 9.
[11] *Id.* at 7.
[12] R. Doc. 22.

## II. LEGAL STANDARD

The general rule in the United States is that, "in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). Congress has created limited exceptions to this rule under certain statutes protecting various federal rights. *Id.* To encourage private enforcement of civil rights statutes, a prevailing plaintiff in a civil rights case should receive attorneys' fees "in all but special circumstances." *Id.* at 416-17. But the policy considerations that support granting fees to a prevailing plaintiff are absent when the defendant prevails.

A district court may grant attorneys' fees to a prevailing defendant only when the court finds that the action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. The Supreme Court has emphasized that district courts should not find a plaintiff's action unreasonable or groundless simply because he did not prevail. *Id.* at 421-22. Engaging in such "hindsight logic" would "discourage all but the most airtight claims" and undercut Congress's efforts to promote vigorous enforcement of civil rights statutes. *Id.* at 422-23; *see also Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir.

2000) (explaining that the limit on recovery of fees by a prevailing defendant "attempts to prevent any chilling effect on the enforcement of civil rights").

III. **DISCUSSION**

**A. Fee Request under the Americans with Disabilities Act**

Defendant moves for attorneys' fees under the ADA's fee-shifting provision.[13] *See* 42 U.S.C. § 12205. A fee request by a prevailing defendant under the ADA is governed by the same legal standard applicable to other civil rights cases. *See No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). A defendant may recover fees only if the plaintiff's claims were "frivolous, unreasonable, or groundless." *Id.*

Defendant first argues that a fee award is warranted because plaintiff wrongly asserted that no braille was present on the water refill station when he attempted to use the machine on the evening of August 17, 2017.[14] In its order dismissing the complaint, the Court found that it was more likely than not that at least some braille stickers were present at the time of plaintiff's alleged August 2017 visit.[15] The Court based this finding on a declaration from a Glacier Water employee stating that he applied braille stickers to the

---

13 R. Doc. 22-1 at 4-5.
14 *Id.* at 6-7.
15 R. Doc. 20 at 8.

4

water machine on February 1, 2017, and a second declaration from an individual who took pictures of the machine on August 22, 2017.[16] But plaintiff is blind, and there was no finding that plaintiff knew the braille stickers were present when he filed the lawsuit. Thus, the Court finds that defendant has not shown that plaintiff's complaint was frivolous or groundless when he initiated this suit.

Defendant further contends that plaintiff and his counsel continued to litigate this matter after it became clear that plaintiff's claims were groundless.[17] Specifically, defendant states that plaintiff and his counsel continued to assert that the water refill station lacked braille even after defendant's counsel informed them that braille was present on the machine.[18] But defendant does not indicate when it informed plaintiff that braille stickers were present on the machine. The sole communication mentioned in defendant's motion is a letter from defense counsel to plaintiff's counsel dated September 8, 2017.[19]

The September 2017 letter states, in relevant part: "Please advise your client that the braille stickers regarding the instrumentation required to use

---

[16] *Id.*; *see also* R. Doc. 6-2; R. Doc. 6-3.
[17] R. Doc. 22-1 at 6.
[18] *Id.* at 7.
[19] *Id.* at 4; R. Doc. 6-5 at 4.

the Glacier Water machine located at the Winn-Dixie at 211 Veterans Memorial Boulevard, Metairie, Louisiana have been re-applied to the machine."[20] This letter does not indicate that braille stickers were already present on the machine at the time of plaintiff's alleged August 2017 visit. On the contrary, the letter implies that the water refill station previously lacked satisfactory braille stickers. *See EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir. 1983) (concluding that civil rights suit was not vexatious in part because defendant's settlement offer suggested a need for steps to redress discrimination). This letter therefore did not put plaintiff on notice that braille stickers were present on the machine in August 2017.

To the extent defendant argues that the September 2017 letter advised plaintiff that his complaint was moot, this does not demonstrate that continuation of the suit was unreasonable. The Court did not dismiss the complaint based on mootness, and plaintiff presented a non-frivolous argument that defendant's voluntary corrective action was insufficient to moot his claims.[21] *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (explaining that a defendant asserting that its voluntary conduct renders a case moot bears a "heavy burden of

---

[20] R. Doc. 6-5 at 4.
[21] R. Doc. 16 at 7-9.

persuading the court that the challenged conduct cannot reasonably be expected to start up again").

In its motion to dismiss, defendant offered evidence for the first time that the water refill station was outfitted with at least some braille stickers at the time of plaintiff's alleged August 2017 visit.[22] There is no indication in the record that defendant communicated this information to plaintiff before filing its motion. The Court granted the motion, and dismissed the complaint.[23] Plaintiff did not have the opportunity to press his claim any further, and defendant has therefore not shown that he unreasonably continued to litigate after receiving notice that his claim was groundless. *Cf. No Barriers, Inc.*, 262 F.3d at 498-50 (affirming fee award to prevailing ADA defendant when plaintiff failed to timely amend his complaint despite defendant's "repeated protestations and a strong suggestion from the district court" that he had sued the wrong party); *see also Smith v. Touro Infirmary*, No. 14-2689, 2016 WL 3511717, at *5 (E.D. La. 2016).

Although the Court has reservations regarding the conduct of plaintiff and his counsel in this matter, defendant has not met the high bar to show that plaintiff's suit was frivolous, unreasonable, or groundless, or that he

---

[22] R. Doc. 6-1; R. Doc. 6-2; R. Doc. 6-3.
[23] R. Doc. 20.

continued to litigate after it clearly became so. The Court thus denies defendant's request for attorneys' fees under the ADA.

### B. Other Bases for Attorneys' Fees

Defendant also asks the Court to award attorneys' fees under 28 U.S.C. § 1927 and the Court's inherent power.[24] Section 1927 permits the Court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. For the reasons explained above, defendant has not shown that plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this action.

The Court may also impose attorneys' fees as part of its inherent power to sanction bad faith and vexatious conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). But the Court should ordinarily rely on its inherent power only when "neither the statute nor the Rules are up to the task." *Id.* at 50. The ADA's fee-shifting provision directly addresses the award of attorneys' fees in frivolous suits, and the Court declines to impose sanctions under its inherent power.

---

[24] R. Doc. 22.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for attorneys' fees.

New Orleans, Louisiana, this __2nd__ day of May, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE